**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

UNITED STATES OF AMERICA,           Criminal No. 08-304 (RHK)

       Plaintiff,           **RESTRAINING ORDER**

v.

DEANNA LYNN COLEMAN,

       Defendant.
_____

    The United States has made an application to this Court, pursuant to 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), for a restraining order to preserve the availability of certain property that is subject to forfeiture in this criminal case. Upon consideration of the Government's application, it appears to the Court that there is probable cause to enter a restraining order to preserve the subject property based upon the following:

    1.  On October 6, 2008, Defendant Deanna Lynn Coleman was charged by criminal Information in the District of Minnesota with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371.

    2.  On October 8, 2008, the Defendant pled guilty to Count 1 of the criminal Information.

    3.  On September 1, 2010, a Preliminary Order of Forfeiture was entered as to Defendant Coleman. Defendant Coleman was ordered to forfeit all property, real or personal, which constitutes or is

derived from proceeds traceable to the conspiracy to commit mail fraud charged in Count 1 of the Information. This Court retained jurisdiction to forfeit any subsequently discovered directly forfeitable property or substitute property, and to dispose of any third-party claims.

4.   The marriage of Defendant Coleman and Allen J. Munson was terminated pursuant to Findings of Fact, Conclusions of Law, Order For Judgment, and Judgment And Decree filed on or about August 27, 2008, in Hennepin County District Court.

5.   On May 26, 2011, a Second Preliminary Order of Forfeiture was entered as to Defendant Coleman. This Order forfeited numerous assets that constitute, or were derived from, fraud proceeds. A share of many of these same assets, including various stocks and financial accounts, were transferred to Allen Munson in the divorce.

6.   On February 3, 2012, a Third Preliminary Order of forfeiture was entered in this action, forfeiting real property located at 5230 County Road 151, Minnetrista, Minnesota, and funds derived from a U.S. Bank investment account that are currently being held in a Court registry account in connection with *United States v. Thomas Joseph Petters et al.*, Civil No. 08-5348 (ADM/JSM) (Docket No. 249). Both of these assets were funded with fraud proceeds, and were transferred to Allen Munson as part of his divorce from Deanna Coleman.

7.   There is probable cause to believe that proceeds of fraud were transferred by Defendant Deanna Coleman to Allen J. Munson, both during their marriage, and pursuant to the divorce decree terminating their marriage.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**I.   ORDER FREEZING ASSETS**

A.   IT IS HEREBY ORDERED that until October 1, 2012, or until otherwise ordered by this Court, the following assets are frozen to the extent that such assets are still under the ownership or control of Allen J. Munson, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, in whatever form such assets may presently exist and wherever located, including all proceeds from the sale of any of such assets, any and all appreciation in value and interest, and all other funds, accounts, or assets to which proceeds from the sale of the following assets can be traced:

1. Real Property Located at 5230 County Road 151, Minnetrista, Minnesota;
2. Real Property Located at 5170 County Road 151, Minnetrista, Minnesota;
3. Real Property identified as Unit 4G, Bay Residence at Del Mar located at Los Suenous, Costa Rica;

4. Proceeds from the sale of the real property located at 3165 North Shore Drive, Wayzata, Minnesota, received by Allen J. Munson;

5. HD Vest Financial Service account number # ...1426 at Wells Fargo Bank;

6. HD Vest Financial Services, SEP IRA #...5600 at Wells Fargo Bank;

7. Stocks and membership units received by Allen J. Munson pursuant to the Divorce Decree, including the following stock:

    a. 15,385 shares of Redstone American Grill, Inc.;

    b. 5 units of Nedak Ethanol LLC;

    c. 105,282 shares of uBid stock (CapeCoastal Trading Corp.);

    d. 50,000 units of Otter Tail AG Enterprises, LLC;

    e. 21,500 shares of Medafor Inc. stock;

    f. 20 units of Cardinal Ethanol;

8. Property of any kind valued in excess of $10,000 owned or controlled by Allen J. Munson, that was purchased by Defendant Coleman, or purchased by or on behalf of Allen Munson with funds provided by Defendant Deanna Coleman, either during the time of his marriage to Deanna Coleman, or with funds received by Allen Munson pursuant to the Divorce Decree dissolving his marriage to Deanna Coleman.

B.   IT IS FURTHER ORDERED that Allen J. Munson, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons who have any interest or control over the property described above, including any banks, financial institutions or other entities having possession or control of any of the restrained assets described above, and who receive actual notice of this Order, are hereby restrained, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of the property.

IT IS FURTHER ORDERED that Allen J. Munson is required to maintain the present condition of the real property described in Section I A above, to the extent that such real property is still under the ownership or control of Allen J. Munson, including timely payment of all mortgage payments, insurance, utilities, taxes and assessments, until further order of this Court.  The Government is hereby authorized to enter the real property described above to videotape conditions in order to verify that said property is being

maintained, and to conduct an inspection and appraisal of the property.

IT IS FURTHER ORDERED that any financial institution holding a mortgage or lien on the real property described above shall respond promptly to requests by the Government for information on the current status of the mortgage or lien, including providing a payment history and payoff information upon request.

C. To the extent that any of the assets described in Section I A above have been sold or transferred, and are no longer under the ownership or control of Allen J. Munson, or his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, the terms of this Restraining Order shall apply in equal force to the proceeds from the sale of such assets, including any and all appreciation in value and interest, and including all other funds, accounts, or assets to which proceeds from the sale of the following assets can be traced.

**II. ACCOUNTING**

A. IT IS HEREBY ORDERED that Allen J. Munson shall, within 45 days of the entry of this Order, serve a sworn accounting in the manner set forth below. The sworn accounting shall cover the period from January 1, 2002 through the present.

B.     The sworn accounting shall reflect the following:

1.     Which of the restrained assets identified in Section I A above are still owned by, and/or are under the custody and control of, Allen J. Munson, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him.

2.     To the extent that any of the real or personal property described in Section I A above has been sold, a description of the details of the sale including: a) the date of sale; b) the individual or entity to whom the property was sold; c) the amount realized from the sale; and d) the disposition of any sale proceeds, including the bank name(s) and account number(s) of any account(s) into which all or any portion of the sale proceeds was deposited.

3.     A list of any and all accounts at any financial institution into which moneys derived from the assets or accounts identified in Section I A have ever been deposited, including the name and address of the bank or other financial institution, the account name, and the account number.

4.     To the extent that restrained assets described above, or proceeds from the sale of the restrained assets described above, have been used to purchase real or personal property, a list identifying and describing each item of property purchased with an estimated value of $10,000 or greater.

5.    A list identifying property of any kind valued in excess of $10,000 owned or controlled by Allen J. Munson, that was purchased by Defendant Coleman, or purchased by or on behalf of Allen Munson with funds provided by Defendant Deanna Coleman, either during the time of his marriage to Deanna Coleman, or with funds received by Allen Munson pursuant to the Divorce Decree dissolving his marriage to Deanna Coleman.

6.    The sworn accounting shall be served upon the following counsel for the United States:

    James S. Alexander
    Assistant U.S. Attorney
    600 U.S. Courthouse
    300 South Fourth Street
    Minneapolis, Minnesota 55415

C.    Allen Munson shall provide to counsel for the United States within 14 days of the entry of this Order a list of all financial accounts held between August 1, 2008 and the present, identifying the account number and institution where each such account has been held.

**III. Directives To Financial Institutions And Others**

Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of the Restrained Assets at any time since January 1, 2002, shall:

A.   Prohibit all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of assets, except as directed by further Order of the Court;

B.   Deny all other persons access to any safe deposit box that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Allen J. Munson, either individually or jointly.

**IV.   Notice Of This Order**

IT IS HEREBY FURTHER ORDERED that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, electronic mail or personally, upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order.

**V.   Attorneys Fees and Living Expenses**

Notwithstanding the above, the following living expenses and attorneys' fees may be paid during the time this restraining order is in effect:

A.   Reasonable expenses needed for living expenses, health care and automobile insurance, and miscellaneous living expenses, in an amount not to exceed $4,600 per month;

B.   Reasonable expenses as needed to maintain the real property located at 5230 County Road 151, Minnetrista, Minnesota, in an amount not to exceed $1,440 per month, plus an additional one-time payment in the approximate amount of $3,758 in payment of the real property taxes due to Hennepin County on or about May 15, 2012;

C.   Reasonable attorneys' fees and expenses incurred in connection with the representation of Allen J. Munson in this proceeding, provided that the payment of such attorneys' fees and expenses shall be made only from the amounts previously paid by Allen J. Munson to the law firm of Mansfield, Tanick & Cohen as a retainer in connection with *United States v. Thomas Joseph Petters et al.*, Civil No. 08-5348 (ADM/JSM). Counsel for Allen Munson shall provide copies of billing statements, subject to redaction to attorney work product or attorney client communications, as requested by the United States.

THIS RESTRAINING ORDER shall remain in full force and effect until October 1, 2012, or until further order of this Court.

Dated: May 25, 2012          s/Richard H. Kyle
                             RICHARD H. KYLE
                             United States District Judge